IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| Herbert Thompson, James Pinder, Dorset Limited, and Sherpam Investments Limited, <br><br> Plaintiffs, <br><br> v. <br><br> Deloitte & Touche LLP, <br><br> Defendant. | Case No. <br><br> COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER EQUITABLE RELIEF, DAMAGES, CONSULTING FEES AND ATTORNEY FEES |

Plaintiffs, Herbert Thompson, James Pinder, Dorset Limited, and Sherpam Investments Limited ("plaintiffs"), by and through their attorney, hereby file this Complaint against Defendant, Deloitte & Touche LLP ("Deloitte"), and allege:

**Nature of the Action**

On or about June 1, 2001, the plaintiffs, as principal shareholders of Star Insurance Company (Bahamas) Limited ("Star"), caused Star to enter into an oral agreement pursuant to which the Des Moines, Iowa office of Deloitte would provide an appraisal of Star as of December 31, 2000. On July 30, 2001 Deloitte issued an appraisal of Star as of December 31, 2000.

On November 30, 2001, the plaintiffs, as principal shareholders of Star Insurance Company (Bahamas) Limited ("Star"), caused Star to enter into a written agreement (the "Merger Agreement") pursuant to which Star was merged into Family Guardian Insurance Company Limited ("Family Guardian"). In entering into this agreement, the plaintiffs relied on the appraisal.

1

Subsequently, the liabilities on Star's balance sheet as of December 31, 2000 were found to be incorrect and were adjusted upward in amount. In performing the appraisal, Deloitte was negligent in not discovering that the liabilities were understated. Under the Merger Agreement, the sale price was revised downward by the amount of the upward adjustment in the liabilities.

The plaintiffs relied on the appraisal from Deloitte in signing the Merger Agreement, especially with regard to provision 3.02 captioned "Merger Closing Price" and provision 4.05 captioned "No Undisclosed Liabilities".

**Parties**

Deloitte & Touche LLP is a subsidiary of Deloitte & Touche USA LLP, in turn a member firm of Deloitte Touche Tohmatsu, a Swiss Verein.

Plaintiffs Herbert Thompson and James Pinder are both citizens of the Bahamas. Dorset Limited is a corporate entity of Bermuda and Sherpam Investments Limited is a corporate entity of the Bahamas.

**Jurisdiction and Venue**

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 because this is an action between corporate citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

The Court has personal jurisdiction over Defendant Deloitte because of its presence and activities in this judicial district.

Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a) because this is a civil action wherein jurisdiction is founded on diversity of citizenship and either or both of the

following is true: A substantial part of the events or omissions giving rise to the claim occurred here, and/or Defendant Deloitte is subject to personal jurisdiction here.

## Factual Allegations

1. Deloitte & Touche LLP was and is a provider of audit and consulting services.

2. Herbert Thompson, James Pinder, Dorset Limited and Sherpam Investments Limited were principal shareholders in Star Insurance Company prior to the merger of Star into Family Guardian, which merger closed on Nov 30, 2001.

3. The Bahamas member firm of Deloitte & Touche was the auditor of Star Insurance Company and in that capacity produced audited financial statements at several points in time, including Dec 31, 1999; Dec 31, 2000 and Nov 30, 2001.

4. During 2001, Deloitte & Touche LLP accepted an engagement to provide an independent opinion as to the accuracy of certain liabilities of Star as of Dec 31, 2000.

5. During 2001, Deloitte & Touche LLP accepted an engagement to provide an independent appraisal of Star as of Dec 31, 2000.

6. On April 14, 2001, Deloitte & Touche LLP provided an Independent Auditors' Report to Star as of Dec 31, 2000. The accompanying financial statements contained the following amounts: (1) "Unamortized policy acquisition costs" of $1,317,341; (2) "Total shareholders' equity" of $110,727; (3) "Total liabilities" of $14,385,529; (4) one component of the total liabilities, the liability for "Future policy benefits", of $12,835,270.

7. On July 3, 2001, Ronal Shutley, an officer of Family Guardian, sent a letter to Deloitte specifically noting that Deloitte should, in the work of providing an independent opinion as to the accuracy of certain liabilities, address concerns about (1) the valuation of reduced paid-up

and other nonforfeiture values and (2) pure endowments unpaid as of Dec 31, 2000 on reduced paid-up policies.

8. On July 20, 2001 the Des Moines, Iowa office of Deloitte issued an opinion that the Star liability for future policy benefits as of Dec 31, 2000, amounting to $12,835,270, was appropriate.

9. On July 30, 2001 the Des Moines, Iowa office of Deloitte issued an appraisal of Star as of Dec 31, 2000. The appraisal included three components adding to the total appraisal value. One component, "adjusted net worth", was in the amount of negative $1,241,000. This component was broken down as "statutory net worth of Star as reported in the audited Dec 31, 2000 financial statements" of $76,000 less "unamortized acquisition costs" of $1,317,000.

10. On Aug 21, 2001, Ronal Shutley, an officer of Family Guardian, sent an email to Deloitte specifically inquiring whether Deloitte did, in the work of providing an independent opinion as to the accuracy of certain liabilities, address concerns about (1) the in-force file, wherein policies not paid-up to year-end were excluded and (2) pure endowments unpaid as of Dec 31, 2000 on reduced paid-up policies.

11. On Nov 30, 2001 the plaintiffs, as principal shareholders of Star, signed a merger agreement under which Star would be absorbed into Family Guardian for a specified price of $8,074,753.

12. The merger agreement contained a provision that the specified price of $8,074,753 was subject to adjustment for any undisclosed liabilities of Star as of Dec 31, 2000.

12. In signing the merger agreement, with such provision included, the plaintiffs relied on the independent appraisal provided by Deloitte, and especially on the "adjusted net worth" component of value in the amount of negative $1,241,000.

13. On Dec 6, 2001, Ronal Shutley met with Ian Evenett, the Star employee responsible for the in-force file. During the meeting, Mr. Evenett disclosed that the in-force file as of Dec 31, 2000 excluded many policies that had ceased paying premiums prior to Dec 31, 2000.

14. On April 30, 2002, the Bahamas member firm of Deloitte & Touche provided an Independent Auditors' Report to Star as of Dec 31, 2001. The accompanying financial statements contained revised figures as of Dec 31, 2000. The revised figures as of Dec 31, 2000 included the following amounts: (1) "Unamortized policy acquisition costs" of $1,317,341; (2) "Total shareholders' equity" of negative $2,640,690; (3) "Total liabilities" of $17,562,294; (4) one component of the total liabilities, the liability for "Future policy benefits", of $14,610,966.

15. On April 30, 2002 the Des Moines, Iowa office of Deloitte issued an opinion stating that: (1) the previous opinion dated July 20, 2001 was in error and (2) the Star policy reserve as of Dec 31, 2000 should have been $14,610,966.

16. Therefore, the appraisal as of Dec 31, 2000 was also in error. Specifically, the "adjusted net worth" was excessive and should have been reduced by the change in "Total shareholders' equity" as of Dec 31, 2000 that arose as follows: (1) $110,727 in the audited statement delivered on April 14, 2001 versus (2) negative $2,640,690 in the audited statement delivered on April 30, 2002. This error, the difference between the two amounts, is $2,751,417.

17. The provision of the merger agreement allowing the specified price to be adjusted for any undisclosed liabilities of Star as of Dec 31, 2000 was activated by the error in the "adjusted net worth". The specified price was reduced by $2,751,417.

18. Over the period 2003 through 2006, the plaintiffs pursued a remedy in Bahamian courts wherein Family Guardian finally agreed to an increase in the purchase price to partially offset the reduction because of undisclosed liabilities. This first remedy was in the amount of $1,229,000 excluding interest.

19. The remaining amount of harm to the plaintiffs is $2,751,417 less $1,229,000, or $ 1,522,417.

## COUNT I

### Breach of Contract

The plaintiffs reallege paragraphs 1 through 19 as though set forth fully here.

Deloitte, by delivering an inaccurate appraisal, breached its obligations under the non-written contract.

## COUNT II

### Violation of Independence

The plaintiffs reallege paragraphs 1 through 19 as though set forth fully here.

Deloitte performed an appraisal of Star as of December 31, 2000. The Bahamas member firm of Deloitte & Touche provided Independent Auditors' Reports to Star, including one as of December 31, 2000 and another as of November 30, 2001. Deloitte delivered an opinion as to reserve accuracy to Star as of December 31, 2000 and another as of November 30, 2001.

Together, these acts constituted a violation of the obligation of an audit firm to remain independent to its audit client.

## COUNT III

### Negligence

The plaintiffs reallege paragraphs 1 through 19 as though set forth fully here.

Deloitte was negligent in performing and delivering an inaccurate appraisal.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for entry of judgment as follows:

(A) An award to plaintiffs of $1,522,417 with interest from Nov 30, 2001 and

(B) An award to plaintiffs of $258,000 consulting fees paid to Deloitte during 2001 – 2002 with interest and

(C) An award to plaintiffs of $300,000 legal fees paid in pursuit of the first remedy without interest.

/s/ John F. Sprole
IS9999038

JOHN F. SPROLE, ATTORNEY AT LAW
PO Box 12084
Des Moines IA 50312-9402
Phone 515-255-8444
Fax 515-277-6545
E-mail jsprole@hotmail.com